**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Petitioner,**

v.

**The CLEVELAND ELECTRIC ILLUMINATING COMPANY, Respondent.**

No. C 80–2382.

United States District Court,
N. D. Ohio, E. D.

Feb. 18, 1981.

Carolyn Watts Allen, Asst. U. S. Atty., Cleveland, Ohio, Diane L. Donley, U. S. Dept. of Justice, Washington, D. C., for petitioner.

Michael Hardy, James M. Friedman, Cleveland, Ohio, for respondent.

MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

Before this Court is a petition by John McGuire, regional Administrator of the United States Environmental Protection Agency (EPA), seeking judicial enforcement of an administrative *subpoena duces tecum* issued on October 31, 1980 to the Cleveland Electric Illuminating Company (CEI) pursuant to section 321(c) of the Clean Air Act, 42 U.S.C. § 7621(c). CEI has strongly contested the necessity of complying with this subpoena, first by moving for a stay pending review by the United States Court of Appeals for the Sixth Circuit, and upon dismissal of that action, No. 80–3734, Jan. 12, 1981, by motion in this Court to quash the subpoena.

The relevant statutory sections at issue do not appear to have been subjected to previous judicial scrutiny. Section 321(b) of the Clean Air Act, 42 U.S.C. § 7621(b), provides that

[a]ny employee ... who is discharged or laid off ... or whose employment is otherwise affected or threatened to be adversely affected because of the alleged results of any requirement imposed or proposed to be imposed under this Act ... may request the Administrator to conduct a full investigation of the matter.

The role of such an investigation is to allow the Administrator to review the veracity of the charge and to make a report and recommendation concerning the regulation(s) at issue. In order to effectively carry out this statutory mandate, the Administrator is authorized pursuant to section 321(c), 42 U.S.C. § 7621(c) to "issue subpoenas for the ... production of relevant papers, books and documents ...," and, if such subpoena is not complied with, to apply to the United States District Court for enforcement.

In the instant action, it appears that CEI had a contract with Youghiogheny and Ohio Coal Company (Y&O) to purchase coal from its Allison mine. This contract contained two cancellation provisions relevant to the issues presented here. Section 14.01 allowed CEI to cancel if any local, state or national environmental legislation or regulation made it impossible for CEI to burn Y&O coal in conformity therewith. Section 14.02 allowed termination if CEI was unwilling to accept any price increases due to increased regulatory costs, including but not limited to, any safety regulations.

On October 10, 1979, CEI sent two separate letters to Y&O. Letter # 1 cancelled the agreement pursuant to section 14.02 (increased price). Letter # 2 notified Y&O that pursuant to section 14.01, CEI was of the opinion that the high sulfur coal from the Allison mine could not—by using any reasonable means—be burned in conformity with regulatory standards and that it would discontinue accepting delivery of that coal unless Y&O gave assurances that such standards could be met. The net result of the two letters was that Y&O laid off approximately 469 workers at the Allison mine.

On September 26, 1980, United Mine Workers, District # 6 requested the EPA Administrator to conduct a § 321 investigation. On October 30, 1980, Douglas Costle, EPA Administrator, delegated to the Regional Administrator for Region V the authority to conduct an investigation of the issues raised by the mineworkers' letter. Subsequently, the regional Administrator issued the contested *subpoena duces tecum* requesting production of the results of any CEI studies regarding various aspects of mixing high and low sulfur coal as well as information regarding termination of the Y&O contract.

It is CEI's contention that its refusal to accept Y&O coal is governed purely by private contract, and that inasmuch as it was not the employer of any of the mineworkers who have requested the investigation, the EPA has no authority under § 321(c) to subpoena any of its records or documents.

This Court finds no support for such a narrow construction within the statutory language. Under § 321(b), 42 U.S.C. § 7621(b), the Administrator is to conduct a *full* investigation (emphasis added). Subsection (c) does not limit the Administrator's subpoena power to employers of those who have been laid off but without qualification states that he "may issue subpoenas for the attendance and testimony of witnesses and the production of relevant papers, books and documents." The allegation has been made that CEI's cancellation was due at least in part to EPA regulations with the result that a substantial number of miners were put out of work. Nothing could be more relevant to the EPA's investigation than determining if indeed these factors played a part in the contract termination.

It may well be that CEI's cancellation was done solely for reasons set forth in contract section 14.02 and was wholly unrelated to any EPA regulations. Such a determination, however, is within the purview of the regional Administrator and is not a matter for decision by this Court. The scope of review here is limited to a determination of whether there was statutory authority for the issuance of a subpoena, and if so, whether the subpoena sought materials relevant to the statutorily-defined scope of the investigation.

There is no doubt that energy, the environment, and unemployment all are matters of great concern in this society as it enters this new decade. Given the intent of Congress to have the EPA monitor the interrelationships of these factors, this Court is of the opinion that CEI's motion to quash the subpoena should be overruled. CEI is hereby ordered to comply with the *subpoena duces tecum* served upon it November 3, 1980 within ten days.

This action is hereby dismissed and terminated.

IT IS SO ORDERED.